Citation Nr: 1504676 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 12-10 618 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manchester, New Hampshire


THE ISSUES

1. Entitlement to an initial disability rating in excess of 50 percent effective March 23, 2012 for posttraumatic stress disorder (PTSD) with depressive and cognitive disorders. 

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Thomas D. Jones, Counsel


INTRODUCTION

The Veteran, who is the appellant, served on active duty from October 1961 to July 1967. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2011 rating decision of a Regional Office (RO) of the Department of Veterans Affairs (VA) in Manchester, New Hampshire. 

In March 2012, the Veteran testified at the RO before a Decision Review Officer regarding an increased initial rating for PTSD. In September 2013, the Veteran testified regarding the same issue via videoconference before an Acting Veterans Law Judge. Transcripts of these hearings have been associated with the claims file. 

During the pendency of this appeal, the Veteran has been granted an increased evaluation, to 50 percent, for PTSD. Nevertheless, the United States Court of Appeals for Veterans Claims (Court) has held that a rating decision issued subsequent to a notice of disagreement which grants less than the maximum available rating does not "abrogate the pending appeal." AB v. Brown, 6 Vet. App. 35, 38 (1993). Consequently, the issue of entitlement to an increased disability rating remains in appellate status. 

In a May 2014 decision, the Board denied an initial evaluation in excess of 10 percent prior to March 23, 2102, and in excess of 50 percent thereafter for PTSD and remanded the claim of TDIU. The Veteran appealed this determination to the Court. The Court subsequently granted a December 2014 Joint Motion for Partial Remand (Joint Motion) which had the effect of vacating that portion of the Board's May 2014 decision which denied a disability rating in excess of 50 percent for PTSD effective March 23, 2012. The Court explicitly took no action on that portion of the Board's decision which denied an initial evaluation in excess of 10 percent prior to March 23, 2012 for PTSD; thus, that portion of the Board's decision remains undisturbed and final, and the issue on appeal, as recharacterized by the Court, is reflected on the first page of this action. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran seeks an increased rating for PTSD. He was recently afforded a VA psychiatric examination in July 2014, at which time he reported receiving ongoing VA outpatient treatment within the past year at the VA facility in Bedford, Massachusetts. Review of the record indicates that records of such treatment were last requested for treatment up to August 2011, over two years ago. Given that the Veteran has made VA aware of outstanding and pertinent VA medical records, and that he reported at his September 2013 video hearing a worsening of the severity of his symptomatology, remand is required in order for this evidence to be obtained. 

Next, the Veteran has a pending appeal of entitlement to a TDIU. Adjudication of that claim must be deferred, as this issue is inextricably-intertwined with the issue being remanded herein. See Harris v. Derwinski, 1 Vet. App. 180 (1991). 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Request any pertinent medical records not already received from the Edith Rogers Memorial Veterans Hospital in Bedford, Massachusetts, as well as any other military, VA, or private facility at which the Veteran has received pertinent psychiatric treatment. If no records are available, that fact should be noted for the record. 

2. After undertaking any additional development deemed appropriate, and giving the appellant full opportunity to supplement the record, adjudicate the Veteran's pending claims in light of any additional evidence added to the record. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished with a supplemental statement of the case and be afforded the applicable opportunity to respond before the record is returned to the Board for further review. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).